**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

No. 1:26-mc-02833

**SM Entertainment Co., Ltd.,**
*Movant,*

v.

**X Corp.,**
*Respondent.*

## ORDER

SM Entertainment Co., Ltd. is a company incorporated and doing business in the Republic of Korea. SM Entertainment applies *ex parte* under 28 U.S.C. § 1782 for an order authorizing limited discovery on X Corp. for use in a civil lawsuit in the Republic of Korea. More specifically, SM Entertainment seeks to serve a subpoena to discover from X Corp. personal identifying information for two users that are allegedly obstructing SM Entertainment's business. The Court grants the application.

SM Entertainment manages the K-pop group RIIZE and operates KWANGYA, an online reporting center for incidents concerning its artists. Two anonymous X users allegedly criticized SM Entertainment, called for boycotts, and coordinated hashtag campaigns. One user allegedly posted instructions on how to evade KWANGYA's restrictions on submitting repetitive reports and solicited funds and arranged physical installations near SM Entertainment's headquarters in Korea without authorization. The other user allegedly published recurring campaign schedules, reporting schedules, and submission templates and links. SM Entertainment filed a civil lawsuit in the Seoul Eastern District Court, alleging defamation

and obstruction of business ("Korean Action"). *See* ECF Nos. 1 at pp. 1–3; 1-2 at 9; 1-3 at 2.

Based on the *ex parte* evidence presented by SM Entertainment, the Court finds that the application satisfies the required statutory criteria. The statute mandates that: (1) the person from whom discovery is sought reside or be found in the district in which the application is filed; (2) the discovery be for use in a proceeding before a foreign tribunal; and (3) the application be made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (per curiam). Here, X Corp. resides in Bastrop County, which is in the Austin Division of the Western District of Texas, the discovery will be for use in a pending civil proceeding in the Seoul Eastern District Court in the Republic of Korea, and SM Entertainment qualifies as an interested person as the plaintiff in the Korean Action. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (noting that litigants are an example of interested persons).

Even when an application satisfies these three statutory criteria, the statutory text states only that a Court *may* grant the application. 28 U.S.C. § 1782 ("The district court . . . may order . . ."). That is, the Court has discretion. The Supreme Court has identified four non-exclusive factors to consider when exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *Intel Corp.*, 542 U.S. at 264–65.

On the current record, these considerations support granting the application. The first consideration supports granting the application because X Corp. is not a participant in the Korean Action and thus is not "amenable to discovery in the foreign forum" without the aid of section 1782. *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022). The second consideration supports granting the application because, at least based on the current record, the Korean Action appears to be ordinary civil litigation before a tribunal that would consider relevant evidence produced in response to the requested order. The third consideration supports granting the application because there is currently no showing—much less a "persuasive showing"—that SM Entertainment is seeking to circumvent the foreign tribunal's discovery methods and restrictions. *In re Application of Oasis Focus Fund LP*, No. 1:23-cv-00239-DII, 2023 WL 6278882, at *4 (W.D. Tex. Sept. 26, 2023) (explaining that this consideration asks whether the foreign rules "*prohibit* the acquisition or use of certain materials" (quoting *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015))), *report and recommendation adopted sub nom. In re Oasis Focus Fund LP*, No. 1:23-cv-239-DII, 2023 WL 7238594 (W.D. Tex. Nov. 2, 2023). The fourth consideration also supports granting the application because the request is not unduly burdensome on its face. Rather, the request appears to be narrowly tailored to obtain personal identifying information, such as the names, dates of birth, addresses, contact information, bank name and account information, and the ten most recent access log entries of the users at issue—a request that has been found sufficiently tailored in similar circumstances. ECF No. 1-1 at p. 5; *see, e.g., In re Bandai Namco Music Live Inc.*, No. 24-mc-80058-BLF, 2024 WL 1078429, at *4

(N.D. Cal. Mar. 12, 2024) (collecting cases); *Man of Creation Co., Ltd. v. X Corp.*, No. 1:26-mc-01986, 2026 WL 2211788, at *1 (W.D. Tex. July 30, 2026).

That the *Intel Corp.* considerations all point in one direction is not necessarily dispositive because those considerations are non-exhaustive. Other considerations may have considerable sway in some cases, and in this case, the First Amendment looms in the background given that "it is well-settled that the First Amendment protects a publisher's and an author's 'decision to remain anonymous.'" *In re Gliner*, 133 F.4th 927, 933 (9th Cir. 2025) (quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). But, at least at this juncture, the Court need not resolve the extent to which any First Amendment rights may alter the section 1782 analysis because there is no evidence the users for which SM Entertainment seeks identifying information have any First Amendment rights. After all, "foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution[,]" *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020), and there is presently no evidence the at-issue users are United States citizens or are in the United States. True, one of the usernames is "RIIZEUSACENTRE," but that is also the user that allegedly arranged physical installations (such as air balloons, banners, advertising vehicles, and illuminated displays) near SM Entertainment's Korean headquarters. That, combined with the fact that the posts are about management of a Korean band, makes it more likely that the users are *not* protected by the First Amendment.

That said, all the above analysis is based on the *ex parte* evidence and argument provided by SM Entertainment in support of its own application. Should X Corp. disagree with this analysis, it may move the Court to reconsider after it receives the subpoena, and the Court will then need to reassess

its section 1782 mandatory and discretionary analysis. *See Banca Pueyo*, 55 F.4th at 475–76 (requiring district courts to reconsider the statutory and *Intel Corp.* analysis when a subpoena respondent challenges an *ex parte* section 1782 order). X Corp. may also file a motion to quash.

SM Entertainment's application for an order authorizing discovery for use in foreign proceedings, ECF No. 1, is GRANTED. SM Entertainment may serve the subpoena attached to its application as Exhibit A on X Corp.

*So ordered by the Court on October 14, 2026.*



ANDREW DAVIS
United States District Judge